Filed 5/31/23  In re S.R. CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re S.R. et al., Persons Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>S.R. et al.,<br><br>Defendants and Appellants. | F085626<br><br>(Super. Ct. Nos. JD141980-00, JD141981-00, JD141982-00)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Christie Canales Norris, Judge.

Jacob I. Olson, under appointment by the Court of Appeal, for Defendant and Appellant, S.R.

Shaylah Padgett-Weibel, under appointment by the Court of Appeal, for Defendant and Appellant, Jeremy C.

Margo A. Raison, County Counsel, and Jennifer E. Feige, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]	Before Peña, Acting P. J., Smith, J. and DeSantos, J.

Jeremy C. (father), joined by S.R. (mother), appeal from the juvenile court's order terminating parental rights as to their three minor children (Welf. & Inst. Code,[1] § 366.26). Their sole contention on appeal is that the court erred by finding that the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA) did not apply to the proceedings because the Kern County Department of Human Services (department) failed to conduct adequate inquiry into whether the children were potentially Indian children with regard to father's side of the family.[2]

The department concedes error and agrees that remand is appropriate. We accept the department's concession, conditionally reverse the finding that ICWA does not apply, and remand for proceedings to ensure ICWA inquiry compliance. In all other respects, we affirm the order terminating parental rights.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2021, the department filed juvenile dependency petitions on behalf of then four-month-old R.C., then one-year-old S.C., and then four-year-old S.R., alleging each child came within the juvenile court's jurisdiction under section 300, subdivision (b).[3]

The parents completed "PARENTAL NOTIFICATION OF INDIAN STATUS" (ICWA-020) forms. Mother's form indicated she is or may be a member of or eligible for membership in a federally recognized Indian tribe, but did not specify a tribe. Father's form indicated that none of the indicia giving reason to know the children were Indian children applied.

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

[2] Neither mother nor father contend the department's inquiry and court's findings with regard to the maternal side of the children's family resulted in any error.

[3] Father was elevated to presumed father status as to R.C. and S.C. on April 14, 2021, and as to S.R. on April 15, 2021. Another man was an alleged father for S.R. However, his whereabouts were unknown throughout the proceedings; he was never located, did not participate in the proceedings, and was not elevated to presumed status.

At the initial/detention hearing, both parents were present and requested to set the matter for contest. Mother was examined regarding ICWA; she testified her maternal grandmother, who had since passed away, told her years ago that she had Native American ancestry on her mother's side. Mother denied Native American ancestry on her father's side. The juvenile court indicated it would "reserve on the issue of ICWA so that the department can do some follow up."

Father was also examined regarding ICWA. He testified he did not have any Native American ancestry as far as he knew. He denied that any of his family members had ever lived on Native American lands or a reservation, received any type of benefit from a Native American tribe, or been eligible to enroll or enrolled in a Native American tribe. The juvenile court found "as to father …, there is no information indicating or suggesting that the … children are members of or eligible for membership in any Federally recognized Indian tribe that falls within [ICWA]."

Following a contested hearing, the juvenile court ordered the children detained from the parents on April 15, 2021.

The department eventually spoke with the children's maternal grandmother, who informed them that many years ago she had heard there may be Apache ancestry on her mother's side, but in recent years, her uncle did some genealogy research and learned that there was no Apache ancestry, and both her parents were from the Netherlands. She reported neither she nor any of her family were members of a tribe or were born or lived on tribal land. She further reported the maternal grandfather had no Indian ancestry to her knowledge.

At the jurisdictional/dispositional hearing on August 12, 2021, the juvenile court found the children came within its jurisdiction under section 300, subdivision (b). The court found there was no reason to believe the children were Indian children and ICWA did not apply. The court ordered the children removed from the physical custody of the parents, with the parents receiving reunification services. Reunification services for the

parents were ultimately terminated on July 5, 2022, and the court set a section 366.26 hearing.

The department's section 366.26 report dated October 20, 2022, indicated that on October 5, 2022, a department "Family Findings and Engagement Office Service Technician … was assigned to complete a Native American ancestry inquiry for the children's … paternal and maternal relatives," and "[r]esults [were] pending as of [that] writing." A supplemental report dated January 20, 2023, was filed but no updated ICWA inquiry information was provided.

At the section 366.26 hearing, on January 24, 2023, the juvenile court terminated parental rights as to all three children and selected adoption as their permanent plans.

## DISCUSSION

The parents contend the juvenile court erred by finding ICWA did not apply, and the department concedes prejudicial error. We accept the department's concession.

Under California's statutory scheme to comply with ICWA, the court and county child welfare department "have an affirmative and continuing duty to inquire whether a child," who is the subject of a juvenile dependency petition, "is or may be an Indian child."[4] (§ 224.2, subd. (a); see *In re Isaiah W.* (2016) 1 Cal.5th 1, 9; Cal. Rules of Court, rule 5.481(a).) The child welfare department's initial duty of inquiry includes "asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." (§ 224.2, subd. (b).) "Under both ICWA and California law, ' "extended family member[s]" ' include the child's 'grandparent, aunt or uncle, brother

---

[4]    An "Indian child" is defined in ICWA as an unmarried individual under 18 years of age who is either (1) a member of a federally recognized Indian tribe, or (2) is eligible for membership in a federally recognized tribe and is the biological child of a member of a federally recognized tribe. (25 U.S.C. § 1903(4) & (8); see § 224.1, subd. (a) [adopting federal definitions].)

or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent.' " (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1053; 25 U.S.C. § 1903(2); § 224.1, subd. (c).)

Before finding ICWA inapplicable, the juvenile court must make a finding that the department conducted "proper and adequate further inquiry" and exercised "due diligence" in doing so, and that "there is no reason to know whether the child is an Indian child." (§ 224.2, subd. (i)(2).)

We review the juvenile court's finding that there is no reason to know whether a child is an Indian child under a substantial evidence standard, and the court's finding that the department has conducted a proper and adequate inquiry and due diligence for abuse of discretion. (*In re K.H.* (2022) 84 Cal.App.5th 566, 600–601 (*K.H.*); *In re Ezequiel G.* (2022) 81 Cal.App.5th 984, 1004–1005.)[5]

In assessing prejudice stemming from an inquiry error, "the focus is on the missed opportunity to uncover relevant information necessary to make a reliable, informed determination concerning whether the child is or may be an Indian child." (*K.H.*, *supra*, 84 Cal.App.5th at p. 609.)

Here, the department documented no effort to inquire of any paternal relatives besides father as to the children's potential status as Indian children and therefore failed to fulfil its duty of initial inquiry of extended family members or any others who may have interests in the children as set forth in section 224.2. The juvenile court therefore had no basis on which to conclude the department had made an adequate inquiry, and thus abused its discretion by finding it had.

---

[5]     There is a split of authority among the Courts of Appeal regarding how to evaluate claims of ICWA inquiry error. (See *K.H.*, *supra*, 84 Cal.App.5th at pp. 611–618 [summarizing the varied approaches].) Our Supreme Court has granted review on the issue in *In re Dezi C.* (2022) 79 Cal.App.5th 769, review granted September 21, 2022, S275578. Recently, this court decided *K.H.*, which articulates the standards we will apply until the Supreme Court provides additional guidance in *In re Dezi C.*

The error was not harmless because of the clear missed opportunity to gather relevant information to assist the juvenile court in making its ICWA findings. As it has been observed by other courts, the reason section 224.2 requires inquiry of more than just the parents is "to obtain information the parent may not have." (*In re Y.W.* (2021) 70 Cal.App.5th 542, 556.) In the present case, the record indicates the department not only failed to document any efforts to comply with its duty of initial inquiry as to the children's paternal side, but the department knew of and/or had contact with paternal extended family members, including the paternal grandmother, who testified at the contested detention hearing and even had placement of the children for a period of time, and the paternal aunt, who father had mentioned to the department.

Remand is necessary for the juvenile court to ensure the department has made an adequate inquiry of the children's paternal relatives.

### DISPOSITION

The juvenile court's finding that ICWA does not apply is conditionally reversed, and the matter is remanded to the court with directions to order the department to comply with the inquiry and documentation provisions set forth in section 224.2, subdivision (b), and California Rules of Court, rule 5.481(a)(5). If, after determining that an adequate inquiry was made consistent with the reasoning in this opinion, the court finds that ICWA applies, the court shall vacate its existing order and proceed in compliance with ICWA and related California law. If the court instead finds that ICWA does not apply, its ICWA finding shall be reinstated. In all other respects, the court's order terminating parental rights is affirmed.